FILED - GR
June 3, 2011 2:21 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jsj / Scanned by AD on 6-3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

1:11-cv-584

Janet T. Neff - U.S. District Judge

Ellen S. Carmody - U.S. Magistrate Judge

Glenn Frantz on behalf of himself and all others similarly situated,
Plaintiff,

V. Case No. ________________

Michigan Department of Corrections, Kalkaska County Correctional Facility, Sheriff David A. Israel, (he is sued inside and outside his official capacity), Undersheriff, Abe C. Devol, (he is sued inside and outside his official capacity), Sgt. Rich Gillisie, (he is sued inside and outside his official capacity), Deputy Benjamin Hawkins, (he is sued inside and outside his official capacity), Ryan Arsnoe, (he is sued inside and outside his official capacity), Chris Cergnul, (he is sued inside and outside his official capacity), Matt Demars, (he is sued inside and outside his official capacity), Jan Gualtiere, (she is sued inside and outside her official capacity), Todd Harger, (he is sued inside and outside his official capacity), Megan Hill, (she is sued inside and outside her official capacity), Dug Jordan, (he is sued inside and outside his official capacity), Brian Donnelly, (he is sued inside and outside his official capacity), Lynne M. Buday, (she is sued inside and outside her official capacity), John and Jane doe defendants yet unnamed,
Defendants.

_______________________________/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NATURE OF THE CASE

1. This suit, brought under 42 U.S.C. § 1983 is First, Fourth, and Fourteenth Amendment challenge to the systematic denial of access to the law library for legal research and the malicious denial of the Plaintiff 's Constitutionally protected Right of access to the courts through insurmountable requirements demanded by the Defendants from the Plaintiff. Such made up policies and demands prevented the Plaintiff basic access to the law library for legal research only after specific requirements are met, i.e. "what MCL numbers are needed," "what appeal are you filing?," and "only if you provide specific legal books and legal materials needed and then is determined to be reasonable and whether the law library even has such legal books." This unwritten requirement demanded by the Defendants in order for the Plaintiff to access the law library and subsequently the courts, has made it impossible for the Plaintiff to comply with such requirements and further has created an insurmountable barrier to the law library for legal research in furtherance of his appeal and Plaintiff's constitutionally protected Right of access to the Courts.

2. Plaintiff is being maliciously denied access to the Kalkaska County Correctional Facility law library contrary to the laws of the State of Michigan, Public Act 232 of 1952, indexed at MCL 791.211a et al., the Michigan Department of Corrections Policy Directive No. 05-03-115

(Effective Date of 11-01-10), and the Kalkaska Correctional Facilities General; Order no. 77.3.1(4)(A).

3. Plaintiff is being maliciously denied access to the Courts contrary to the laws of the State of Michigan, Public Act 232 of 1953, indexed at MCL 791.211a, et al., the Michigan Department of Corrections Policy Directive No. 05-03-115 (Effective Date of 01-01-08), and the Kalkaska Correctional Facilities General Order No. 773.1(5)(A).

4. Defendants have violated the prisoner grievance policy directives in order to conceal and further deny Plaintiff access to the law library for legal research of his criminal case and denial of access to his constitutionally protected Right of access to the Courts contrary to the laws of the State of Michigan, Public Act 232 of 1953, being indexed at MCL 791.262 et al., and the Michigan Department of Corrections Policy Directive No. 03.02.130, (Effective Date of 07-09-O7), when the Defendants decided to hear all three (3) steps of the Prisoner Grievance Process instituted by the Plaintiff and then denied same without a formal hearing.

5. Defendants took reprisal action against the Plaintiff when they denied him “work release” because of Plaintiffs political views, and his challenge to his criminal charges in pro se. This reprisal action came directly from and in accordance with the demands and commands made by

Defendant Lynne Buday to Defendant Israel. This action is contrary to the equal treatment of all other prisoners similarly situated and with the same security level (minimum security) at the Kalkaska Correctional Facility.

PARTIES

6. Plaintiff, Glenn Frantz is a citizen of the State of Michigan, presently an indigent prisoner (prison No. 000012235) residing in the Kalkaska County Correctional Facility, located at 605 North Birch Street, Kalkaska, MI 49646.

7. Defendant, Michigan Department of Corrections (hereinafter is referred to as the " MDOC ") is a corporate department of the State of Michigan, does its primary business at 206 E. Michigan Ave. Grandview Plaza, Lansing, MI 48909. The MDOC maintains the supervisory control over the Kalkaska County jail and the Kalkaska Correctional Facility pursuant to Public Act 232 of 1953, being indexed at MCL 791.262 et al. The MDOC has performed inspections of the Kalkaska Correctional Facility and has awarded one of the highest awards available to County Correctional Facilities to the Kalkaska County Correctional Facility.

8. Defendant "Kalkaska Couny (sic) Jail is an adult facility located within the Village of Kalkaska. The jail has a capacity of 62 inmates and is governed by the Administrative Rules for Jails by the Michigan Department of Corrections (MDOC)" (http://www.kalkaskasheriff.net/correct.html), a

corporate entity of the State of Michigan, does its primary business located at 605 N. Birch St. Kalkaska, MI 49646.

9. Defendant David A. Israel, is, and has been at all times relevant to this litigation, the Sheriff of Kalkaska County, Michigan. Defendant David A. Israel establishes, maintains, and enforces policies and procedures for the Kalkaska County Correctional Facility located at 605 N. Birch St. Kalkaska, MI 49646, and has responsibility for all Kalkaska County Correctional Facility employees, agents, and operations. He is the final policymaker for the Kalkaska County Correctional Facility and the Kalkaska County Sheriff's Office.

10. Defendant Abe C. Devol is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as the Undersheriff of Kalkaska County.

11. Defendant Rich Gillisie is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49645. He is sued inside and outside his official capacity as the Jail Sergeant for the Kalkaska County Correctional Facility.

12. Defendant Benjamin Hawkins is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his

official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

13. Defendant Ryan Arsnoe is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

14. Defendant Chris Cergnul is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

15. Defendant Matt Demars is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

16. Defendant Jan Gualtiere is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. She is sued inside and outside her official capacity as a Full Time Corrections Officer for the Kalkaska County

Correctional Facility.

17. Defendant Todd Harger is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

18. Defendant Megan Hill is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. She is sued inside and outside her official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

19. Defendant Dug Jordan is a citizen of the State of Michigan, presently employed as a full time Corrections Officer located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as a Full Time Corrections Officer for the Kalkaska County Correctional Facility.

20. Defendant Brian Donnelly is a citizen of the State of Michigan, presently employed at the Courthouse located at 605 N. Birch St. Kalkaska, MI 49646. He is sued inside and outside his official capacity as the Kalkaska County Prosecutor.

21. Defendant Lynne Buday is a citizen of the State of Michigan,

presently employed at the Courthouse located at 605 N. Birch St. Kalkaska, MI 49646. She is sued inside and outside her official capacity as the Kalkaska County District Court Judge.

JURISDICTION

22. This action arises under the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988, Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, and 2201. This Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. §1367 in that they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

23. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3).

24. Venue is proper in the Western District of Michigan, where Plaintiff and all Defendants reside.

CAUSE OF ACTION

25. On January 27, 2011, Plaintiff, Glenn Frantz ( hereinafter referred to as "Plaintiff " ), flied a Claim of Appeal (COA No. 302161) to his " interlocutory appeal" from the Kalkaska County District Court's adverse decision to Plaintiff's Motion for Summary Disposition. See attached copy of COA Docket entry marked as Exhibit A.

26. On January 27, 2011, Plaintiff was tried and then sentenced to

the Kalkaska County Correctional Facility for a period of one (1) year for a misdemeanor crime of DWLS. See attached copies of Sentence Orders Case: 10-16186 - ST - 2 and Case: 10-16213 - ST - 2 marked as Exhibit B.

27. On February 02, 2011, The Michigan Court of Appeals dismissed Plaintiff 's Appeal for lack of jurisdiction because Plaintiff must file an "Application for Leave to Appeal." The Court of Appeals Granted Plaintiff's motion for waiver of fees and costs. See attached copy of COA Docket entry marked as Exhibit C.

28. On February 03, 2011, Plaintiffs wife, Christal Frantz personally called the Defendant, David A. Israel, and made an inquiry into why her husband, Plaintiff, was being denied access to a law library so he could litigate his Application for Leave to Appeal. See attached Affidavit of Christal Frantz.

29. On February 04, 2011, Defendant Rich Gilisie delivered a letter to Plaintiff from Defendant, David A. Israel dated February 3, 2011. The letter was signed David A. Israel. In the letter Defendant David A. Israel stated in part: " . . . you must put your requests in writing and make it to my attention." (Emphasis added). See attached copy of 02 - 03 - 2011 letter from Sheriff Isreal marked as Exhibit D.

30. Defendant David A. Israel demanded Plaintiff make all requests

to him personally, contrary to the Kalkaska County Correctional Facility policy found in Gen. Order 77.3.1(4)(A) Inmate Legal Assistance:

31. " Inmates have a right to prepare and file legal documents with the court. Inmates with a pending criminal case may have access to law books and other legal materials through their attorney. If representing themselves, law books are available from the Facility library. All requests for access to materials in the law library must be directed through the Prosecuting Attorney's Office (PAO) by the Jail Sergeant. Upon request, typewriters and other supplies and services related to legal matters may be provided at the Sergeants discretion. Provision for payments of said services or materials will be determined before being furnished. This applies to all inmates." (Emphasis added).

32. On February 04, 2011, Plaintiff fearing retaliation from the Defendants, Plaintiff responded to Defendant David A. Israel's letter, stating in pertinent part: " I only want a copy of the written policy for access to the law lib. So I had a compleat (sic) understanding of the official policy." See attached copy of 02 - 04 - 2011 letter from Plaintiff marked as Exhibit E.

33. On February 18, 2011, Defendant David A. Israel wrote another correspondence to the Plaintiff stating in part: " In the matter dealing with access to a law library, I have attached a copy of General Order # 77.3.1,

section 4(A), I will reiterate that your request must be put in writing and addressed to me. The jail staff will receive your request and forward it to me and I will consult with the Prosecuting Attorney and determine if your request is reasonable. You will not be allowed free reign to browse any materials with-out (sic) a specific written request." See attached copy of 02 - 18 - 2011 letter and copy of General Order # 77.3.1 from Defendant David A. Israel marked as Exhibit F.

34. On February 18, 2011, Plaintiff wrote another letter to the Defendant David A. Israel thanking him for providing a copy of the General Order # 77.3.1. See attached copy of 02 - 18 - 2011 letter from Plaintiff marked as Exhibit G.

35. The Kalkaska County Correctional Facility policy found in General Order # 77.31(5)(A) Access To The Courts:

"Inmates have the right to unrestricted and confidential access to the court and to the executive agencies of the government. Correspondence with court and executive agencies of government will not be censored or examined. Incoming mail from court or executive agencies of government will be examined for contraband, to insure the content is from the court or agency, and will not be read or censored."

36. On March 11, 2011, Defendant David A. Israel admitted

receiving 2 letters or notes from you. One is dated March 10, 2011 and the second is dated March 11, 2011. Both letters state: "I need access to the law library for legal research." See attached copy of 03 - 11 - 2011 letter from Defendant David A. Israel marked as Exhibit H.

37. On March 11, 2011, Defendant David A. Israel demanded of Plaintiff: " Please tell me the general nature of what it is you want to research and what resource materials you may need. I don't have to know the MCL numbers but I do need to know what general laws etc. you may need. As I told you in the letter dated February 18, 2011, you will not be allowed free reign to browse in the law library. You need to know what it is you want to research. It is small and is constantly being used by prosecutor's office, attorneys, etc. Please put this in writing and I will address your request at that time." See attached copy of 03 - 11 - 2011 letter from Defendant David A. Israel marked as Exhibit H.

38. On March 17, 2011, Plaintiff again made a request in writing to Defendant David A. Israel as commanded, stating: I need a good dictionary to find the proper spelling & defanitions (sic) of words needed for the compleation (sic) of my appeal & grievance. Plaintiff received this reply at dinner approx. 5:20pm Mar. 17, 2011: Look in library or have one dropped off." See attached copy of 03 - 17 - 2011 letter marked as Exhibit I.

39. On March 18, 2011, Plaintiff made additional written requests

to the Defendant David A. Israel as commanded stating: "I need access to the law library for legal research." See attached copy of 03 - 18 - 2011 letter marked as Exhibit J.

40. On March 18, 2011, Plaintiff made additional written requests to the Defendant David A. Israel as commanded stating: " I need access to the law Library for legal research to compleat (sic) my appeal as time is running out and I am being denied access." See attached copy of 03 - 18 - 2011 letter marked as Exhibit J.

41. On March 18, 2011, Plaintiff filed a Level One (1) Grievance stating: " I was ordered into confinement 30 days ago on January 27, 2011. I have ask (sic) multiple times for access to the legal library to complete my appeal that was originally filed February 02, 2011, into the Michigan Court of Appeals, Lansing Michigan, Docket No. 302161. I have been denied direct access to a legal library to complete my appeal in a timely fashion in contradiction of: MCL 791.262; MDOC PD 05.03.115 by authority of MCL 791.201; MDOC PD 05.03.116 by authority of MCL 791.203 and Administrative Rule 791.6603." See attached copy of Level One (1) Grievance marked as Exhibit K.

42. On March 21, 2011, plaintiff made a request to Defendant David A. Israel for medical services. Plaintiff has a bad tooth and needed immediate dental care. See attached copy of 03 - 21 - 2011 letter

requesting medical care marked as Exhibit L.

43. On March 22, 2011, Plaintiff flied a Level Two (2) Grievance indicating "I did not receive a response on my Level One (1) Grievance and I did not receive a request for an extension filed by anyone." See attached Copy of Level Two (2) Grievance marked as Exhibit M.

44. On March 24, 2011, Defendant Brian Donnelly made special demands on the Plaintiff in order to access the law library and demanded additional answers about Plaintiff 's appeal before he could litigate his appeal. Defendant Brian Donnelly wrote a letter to the Plaintiff stating in part: " I agree that for you to pursue an appeal is a legitimate request. I note however that the Court of Appeals has dismissed your appeal on 02-02-11. Do you plan to appeal something else? If so, what is it? (Emphasis added). See attached copy of 03 - 24 - 2011 letter from Defendant Brian Donnelly marked as Exhibit N.

45. On March 25, 2011, Plaintiff received response to Plaintiff 's Level One (1) Grievance stating in part: "It is now up to you to produce your materials and request what you may need for your appeal please make your request in writing to myself (Israel) or undersheriff Devol." See attached copy of Level One (1) Grievance response from Defendant David A. Israel 03 - 25 - 2011 marked as Exhibit O.

46. On March 25, 2011, Defendant David A. Israel responded to

Plaintiff 's Level Two (2) Grievance stating in part: "10 days has (sic) not passed since the Level One (1) Grievance dated 3/18/11." See attached copy of Level Two (2) Grievance response from Defendant David A. Israel 03 - 25 - 2011 marked as Exhibit P.

47. On March 25, 2011, Defendant Brian Donnelly continued to make special demands upon the Plaintiff for access to the law library in order that he may litigate his appeal. Defendant Brian Donnelly wrote a letter to the Plaintiff indicating in part: "As you know, I advised you that since you clarified the reason for your request to be working on your appeal, I agree that is a legitimate reason to allow you access. You further clarified that the appeal you are referring to is the same case that was dismissed on 02-02-11 by the Michigan Court of Appeals ( # 302161)." See attached copy of 03 - 25 - 2011 letter from Defendant Brian Donnelly marked as Exhibit Q.

48. On March 30, 2011, Plaintiff sent a letter to Defendant Brian Donnelly to clarify statements Defendant made in his March 25, 2011 letter that were not true or were purposely misleading and false. Plaintiff informed Defendant Brian Donnelly that Plaintiff did not "concur" with his statement(s). Plaintiff again requested access to the law library to litigate his appeal. See attached copy of 03 - 30 - 2011 letter from Plaintiff marked as Exhibit R.

49. On April 04, 2011, the Michigan Court of Appeals closed out Plaintiffs appeal until he can properly file his Application for Leave to Appeal. See attached copy of the COA docket entry Marked as Exhibit A.

50. On April 18, 2011. Plaintiff filed a Level Three (3) Grievance with the Kalkaska County Correctional Facility. Again, requesting access to the law library to research the law in order to litigate his appeal. See attached copy of Level Three (3) Grievance marked as Exhibit S.

51. On April 21, 2011, Defendant David A. Israel responded to Plaintiffs Level Three (3) Grievance misrepresenting Plaintiffs request for access to the law library for legal research stating in pertinent part: "I also want to advise you that the Kalkaska County Jail is not part of the Michigan Department of Corrections and that the Michigan Department of Corrections Policy Directives do not apply to the Kalkaska County Jail." See attached copy of 04 - 21 - 2011 letter from Defendant David A. Israel marked as Exhibit T.

52. The Kalkaska County correctional Facility website states: "The Kalkaska Couny (sic) Jail is an adult facility located within the Village of Kalkaska. The jail has a capacity of 62 inmates and is <u>governed by the Administrative Rules for Jails by the Michigan Department of Corrections (MDOC)</u>. During the past four years of inspections <u>performed by MDOC</u>, the Kalkaska County jail has received 100% compliance

awards. This distinct honor has been shared with only four other Michigan counties." (Emphasis added)

53. On April 22, 2011, Plaintiff sent another letter to Defendant David A. Israel requesting access to the Law library for legal research for his appeal. Plaintiff also informed Defendant David A. Israel that " I clearly stated to Mr. Donnelly at the conclusion of our meeting that I did not concur with you." See attached copy of Plaintiffs 04 - 22 - 2011 letter marked as Exhibit U.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

54. Plaintiff has filed a grievance objecting to the Kalkaska County Correctional Facilities continued denial of access to the Law Library and access to the Court. Plaintiff has filed grievance appeal after being unsatisfied with the jails response to the original grievance. Plaintiff has received a response denying the grievance appeal. Plaintiff has exhausted all available administrative remedies.

DECLARATORY RELIEF

55. An actual and immediate controversy exists between the parties.

56. Defendants take the position that Plaintiff must first tell the Defendants exactly what law books he will need, including, but, not limited to the exact MCL numbers before he may receive access to the law library

for legal research and access to the Courts. Defendants continue to demand exactly what appeal Plaintiff will be working on, and how he may be appealing his case. Plaintiff will not know exactly what legal materials or research books he will need until he is able to conduct legal research in the law library and his Constitutionally Protected Right of access to the Courts pursuant to the laws of the State of Michigan, Michigan Constitution of 1963, the United States Constitution, the Policy Directives of the MDOC, and the Kalkaska County Correctional Facility General Order No. 77.3.1. Plaintiff continues to be denied " work release " afforded all other prisoners similarly situated as retaliation for his political beliefs. Defendants have failed to follow the prisoner grievance procedure and has arbitrarily and capriciously denied Plaintiff's grievance requesting access to the law library and the courts.

57. In requesting declaratory relief, plaintiff requests an interpretation of the Plaintiff 's rights under the Constitution of the State of Michigan and the United States Constitution, the law and facts.

INJUNCTIVE RELIEF

58. The defendants have acted and are threatening to continue acting under color of state law to deprive plaintiff of his constitutionally protected rights. Plaintiff faces a real and immediate threat of irreparable injury as a result of the actions and threatened actions of the defendants

and the existence, operation, and threat of enforcement of the arbitrary and capricious nature and insurmountable requirements and demands made upon the Plaintiff before he may access the law library of which Plaintiff believes does not exist as reported and the courts.

FIRST CLAIM FOR RELIEF
(First Amendment, Fourteenth Amendment 42 USC 1983)

59. The challenged arbitrary and capricious policy denying access to the law library and the courts has violated, and threatens to continue violating, the plaintiff's rights under the First Amendment and the Due Process Clause of the Fourteenth Amendment.

60. Wherefore the Plaintiff is entitled to declaratory relief, injunctive relief, and such additional relief as this court deems just and appropriate.

SECOND CLAIM FOR RELIEF
(Michigan Constitution, Article I, Sections 13 and 17)

61. The challenged arbitrary and capricious policy denying access to the law library and the courts has violated, and threatens to continue violating, the plaintiff's rights under the Michigan Constitution of 1963, Article 1, Sections 13 and 17, which protects the right to prosecute or defend his suit, either in his own proper person or by an attorney and the right to due process of law.

62. Wherefore the Plaintiff is entitled to declaratory relief, injunctive relief, and such additional relief as this court deems just and appropriate.

THIRD CLAIM FOR RELIEF
(Fourth Amendment, Fourteenth Amendment 42 USC 1983)

63. The denial of " work release " afforded to all other similarly situated prisoners with a minimum security level at the Kalkaska County Correctional Facility on orders from the Defendant for Plaintiff's political beliefs has violated, and threatens to continue violating, the plaintiff's rights under Amendment Four and the Due Process Clause of the Fourteenth Amendment.

64. Wherefore the Plaintiff is entitled to declaratory relief, injunctive relief, and such additional relief as this court deems just and appropriate.

FOURTH CLAIM FOR RELIEF
(Michigan Constitution, Article I, Section 17)

65. The denial of " work release" afforded to all other similarly situated prisoners with a minimum security level at the Kalkaska County Correctional Facility on orders from the Defendant for Plaintiff's political beliefs, and challenging his criminal charges in pro Se has violated, and threatens to continue violating, the plaintiffs rights under the Michigan Constitution of 1963, Article I, Section 17, and the Right to due process of Law.

66. Wherefore the Plaintiff is entitled to declaratory relief, injunctive relief, and such additional relief as this court deems just and appropriate.

PRAYER FOR RELIEF

67. Wherefore, Plaintiff ask that this Court:

a. Declare that the arbitrary and capricious demands being placed upon the Plaintiff are insurmountable and violate the constitutionally protected Rights of the Plaintiff.

b. Permanently enjoin the defendants from continuing to deny Plaintiff access to the law library.

c. Permanently enjoin the defendants from continuing to deny Plaintiff access to the Courts, in order that Plaintiff may file a timely appeal in his criminal case.

d. Award Plaintiff reasonable costs and fees.

e. Provide whatever additional relief the court finds to be just and appropriate.

I declare that the statements herein are true and correct to the best of my knowledge information and belief.

Respectfully submitted,

Glenn Frantz [signature]

Dated: May 31, 2011

Glenn Frantz in Pro Per
Prison No. 000012235
Kalkaska Correctional Facility
605 North Birch Street
Kalkaska, Michigan 49646